IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

PENNY CHESSER, DONALD MAIR,
CLAY MEYER, AND
ZACHARY SETTERBURG, )
)
)
Plaintiff, ) No. C06-4012-MWB
)
vs. )
) JUDGMENT
HEARTLAND AUTOMOTIVE ) IN A CIVIL CASE
SERVICES, INC., d/b/a Jiffy Lube, )
)
Defendants. )

This matter came before the Court and

IT IS ORDERED AND ADJUDGED

   Judgment is entered in accordance with the attached Joint Stipulation of Settlement and Release.

Dated: **SEP 12 2006**

PRIDGEN J. WATKINS
Clerk

_____
(By) Deputy Clerk

**APPROVED BY:**

MWB
_____
**MARK W. BENNETT**
**Chief Judge**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

Penny Chesser, Donald Mair, Clay Meyer, and Zachary Setterburg,

    Plaintiffs,

v.

Heartland Automotive Services, Inc., d/b/a Jiffy Lube,

    Defendant.

Case No. 5:06-cv-4012 MWB

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") is made and entered into by and between plaintiffs Penny Chesser, Donald Mair, Clay Meyer, and Zachary Setterburg ("Named Plaintiffs") and Heartland Automotive Services, Inc., d/b/a Jiffy Lube (as well as its former and current directors, officers, agents, employees, attorneys, predecessors, successors, subsidiaries and affiliated entities) (collectively, "Heartland"). This Stipulation of Settlement shall be binding on the Named Plaintiffs and Heartland, and their respective counsel, subject to its terms and conditions and to the approval of the United States District Court for the Northern District of Iowa ("Court").

THE NAMED PLAINTIFFS AND HEARTLAND ("THE PARTIES") STIPULATE AND AGREE as follows:

### RECITALS

1.     These Recitals are an integral part of the Stipulation of Settlement.

2.      On March 26, 2004, Dawn Smith, James Cox, and Mark Tarras filed a purported nationwide opt-in collective action ("Minnesota Action") against Heartland Automotive Services, Inc., d/b/a Jiffy Lube in the United States District Court for the District of Minnesota ("District of Minnesota") on behalf of themselves and other store managers for Heartland, alleging, *inter alia*, they and those similarly situated did not receive required overtime premiums in violation of federal and similar state laws. Justin Durbin, Ed Willson, DeWayne Klipple, and Patrick Parris became additional named plaintiffs in the Minnesota Action shortly after its initial filing (collectively, all named plaintiffs in the Minnesota Action are referred to as "Smith Plaintiffs").

3.      On October 18, 2004, the District of Minnesota granted the Smith Plaintiffs' motion for conditional certification and approved notice of the conditionally certified collective action.

4.      Approximately 240 store managers ultimately opted-in to (and did not withdraw from) the conditionally certified collective action in the District of Minnesota.

5.      On December 12, 2005, the District of Minnesota in the Minnesota Action determined the store managers were not similarly situated and granted Heartland's motion for decertification, dismissing without prejudice all opt-in plaintiffs from the Minnesota Action.

6.      Many of the opt-in plaintiffs dismissed from the Minnesota Action, who continued to be represented by counsel for plaintiffs in the Minnesota Action ("Plaintiffs' Counsel"), re-filed thirteen (13) actions in various jurisdictions around the country, raising claims similar to those raised in the Minnesota Action, styled as follows: Abbott et al. v. Heartland Automotive Services, No. 06-cv-05065 (W.D. Wa.); Almaraz et al. v. Heartland Automotive Services, No. 06-cv-00084 (W.D. Tex.); Allen et al. v. Heartland Automotive

Services, No. 06-cv-00084 (E.D. Mo.); Barraza et al. v. Heartland Automotive Services, No. 06-cv-00062 (D. Az.); Bates et al. v. Heartland Automotive Services, No. 06-cv-02028 (W.D. Tenn.); Behring et al. v. Heartland Automotive Services, No. 06-cv-00159 (D. Nev.); Bethune et al. v. Heartland Automotive Services, No. 06-cv-02039 (D. Kan.); Bordewyk et al. v. Heartland Automotive Services, No. 06-cv-00755 (N.D. Ill.); Brask et al. v. Heartland Automotive Services, No. 06-cv-00011 (D. Minn.); Campbell et al. v. Heartland Automotive Services, No. 06-c-0076 (W.D. Wis.); Chesser et al. v. Heartland Automotive Services, No. 06-cv-04012 (N.D. Iowa); Hillman et al. v. Heartland Automotive Services, No. 06-cv-00046 (D. Neb.); Wingate et al. v. Heartland Automotive Services, et al., No. BC 346164 (Super. Ct. Calif.) (collectively, "Re-Filed Actions", filed by "Re-Filed Actions Plaintiffs"). The Smith Plaintiffs remained in the Minnesota Action, and continued to be represented by Plaintiffs' Counsel. A total of 239 Plaintiffs continued to be represented by Plaintiffs' Counsel in the lawsuits against Heartland.

7. On March 6, 2006, the District of Minnesota in the Minnesota Action granted Heartland's motion for summary judgment on willfulness (resulting in a two-year statute of limitations) and on whether the Smith Plaintiffs customarily and regularly directed the work of two full-time employees, or their equivalent. The Court found a genuine issue of material fact existed as to whether the Smith Plaintiffs' primary duty was management.

8. On March 23, 2006, the Eastern District of Michigan decided Addison v. Ashland Inc. d/b/a Valvoline, 2006 WL 752761 (E.D. Mich. Mar. 23, 2006) ("Valvoline decision"), granting the employer's motion for summary judgment and dismissing the plaintiffs' overtime claims. Specifically, the Court found, as a matter of law, store managers of Ashland's quick lube retail stores (stores similar to Heartland) were bona fide executives exempt from the overtime requirements of the FLSA.

9. On May 31, 2006, the District of Minnesota in the Minnesota Action granted Heartland's motion to set the order of proof, allowing Heartland to proceed first at trial.

10. On May 31, 2006, the District of Minnesota in the Minnesota Action denied the Smith Plaintiffs' motion to calculate damages at one and one half (1.5) times the regular rate, concluding the applicability of the fluctuating workweek method (half-time) was an issue for the trier of fact, but indicating, based on the evidence before it, the Court was inclined to grant a directed verdict in Heartland's favor on the issue.

11. Counsel for the Parties vigorously pursued their positions and the rights of their clients through multiple lawsuits, extended legal and factual analysis, discovery, and exchanges of information over a two-year period.

12. In light of the foregoing rulings, including but not limited to the Court's decertification order, its ruling on the issue of "willfulness," and the recent Valvoline decision, as well as the analysis and information exchange referenced above, Plaintiffs (including Named Plaintiffs) believe it is in their best interest to resolve this matter at this time.

13. Counsel for the Parties, following the above-referenced events, engaged in good faith, arms-length negotiations regarding settlement of all pending suits, including two mediation sessions in May 2006 ordered in the Minnesota Action, followed by continued discussions.

14. Plaintiffs' Counsel, acting in the best interests of the Smith Plaintiffs and the Re-Filed Actions Plaintiffs, wish to resolve this matter and all related matters in a fair and cost-effective method that benefits the Smith Plaintiffs and the Re-Filed Actions Plaintiffs without the expense, delay, diversion and risk of protracted and complex litigation.

15. Heartland desires to avoid the expense, burden, diversion and risk of protracted litigation and wishes to resolve this matter and all related matters between the Smith Plaintiffs and all Re-Filed Actions Plaintiffs and Heartland.

## TERMS OF SETTLEMENT

16. NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements in this Stipulation of Settlement, the Parties agree, subject to the Court's approval, that Chesser, et al. v. Heartland Automotive Services, Inc. ("Court Action") shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms, subject to the Court's approval, as set forth herein. A Proposed Order Granting Final Approval of Settlement and Final Judgment is attached as Exhibit A.

## DISMISSAL OF COURT ACTION

17. The Parties agree to cooperate and take all steps necessary and appropriate to dismiss the Court Action with prejudice.

## RELEASE BY THE NAMED PLAINTIFFS

18. The Named Plaintiffs will each execute a general release in favor of Heartland (including its former and present officers, directors, agents, employees, attorneys, predecessors, successors, subsidiaries and affiliated entities) (collectively, "Released Parties"), from any and all claims, whether known or unknown, which could have been or were raised in the Court Action, arising during the period from the start of time to the date he/she signs the Settlement and Release of Claims Form ("Released Period"), whether the claims are under federal, state and/or local law; whether in the nature of claims for damages, unpaid wages, overtime pay, interest or liquidated damages or other penalties for overtime, missed meal periods, missed rest breaks; whether for attorneys' fees or injunctive relief; and whether sounding in contract or tort

("Released Claims"). The Released Claims include, but are not limited to, claims arising from or dependent on the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and state laws governing wage and hour issues; state laws of contract or tort; Title VII of the Civil Rights Act of 1964 or similar state laws; the American with Disabilities Act, 42 U.S.C. § 12101 et seq. or similar state laws; and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. Further, Named Plaintiffs covenant not to sue the Released Parties for any Released Claim. Specifically excluded from the Released Claims is any pending lawsuit or administrative claim formally filed against Heartland by a Named Plaintiff as of June 1, 2006, other than a claim related to any federal, state or local wage/hour laws. The Settlement Approval and Release of Claims Form, with Notice of Settlement, is attached as Exhibit B.

## NO ADMISSION OF LIABILITY

19. Nothing contained in this Stipulation of Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Heartland, and Heartland denies any liability, culpability, negligence, or wrongdoing.

20. This Stipulation of Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## SETTLEMENT AMOUNT

21. Total Settlement Amount. The maximum sum that Heartland must pay to resolve all claims in the Court Action is $9,551.83 ("Maximum Payment"). The Maximum Payment shall include: payments to the Named Plaintiffs; attorneys' fees, costs and expenses of Plaintiffs' Counsel incurred to date on behalf of Named Plaintiffs, as well as all such fees and costs incurred in documenting the settlement, securing trial and appellate court approval of the

settlement, administering the settlement, and obtaining a dismissal of the action; tax withholdings; and all costs of administration. The maximum sum that Heartland must pay to resolve all claims in all pending cases brought by Plaintiffs' Counsel challenging the store manager exemption, as set forth in Paragraph 6, is $825,000.00, which includes the foregoing items for all cases. The Maximum Payment will be distributed as follows:

      a.    Attorneys' Fees and Costs. Subject to the Court's approval, Plaintiffs' Counsel will apply to the Court for attorneys' fees and costs from the Maximum Payment in an amount consistent with the contingent fee agreement entered into with each Named Plaintiff. Pursuant to this agreement, Plaintiffs' Counsel will receive thirty-three percent (33%) of all sums of the Maximum Payment paid to the Named Plaintiffs. This amount is intended to compensate Plaintiffs' Counsel for all work already performed in the Minnesota Action through decertification on behalf of the Named Plaintiffs, all of the work already performed in the Court Action, and all work remaining to be performed in administering the offers of settlement, securing Court approval of the Stipulation of Settlement, defending any appellate challenges to the Stipulation of Settlement, administering the Stipulation of Settlement, ensuring the Stipulation of Settlement is fairly administered, and implementing and obtaining dismissal of the Court Action. Plaintiffs' Counsel further requests costs in the amount of $1,635.98 incurred by Plaintiffs' Counsel in prosecuting the Named Plaintiffs' claims, including the costs of implementing this Stipulation of Settlement. The payment of these costs is consistent with Plaintiffs' contingent fee agreement. Heartland will not oppose these requests and will issue Plaintiffs' Counsel IRS Form 1099 for the attorneys' fees and costs that the Court awards.

      b.    Contingency Fund. From the Maximum Payment, the Parties agree that a sum of $23.62 shall constitute a contingency fund designed to effectuate the purposes of this

Stipulation of Settlement. This sum will be retained by Heartland while Plaintiffs' Counsel communicates Settlement Offers. Within five (5) days of the expiration date of the tolling period for Named Plaintiffs who have rejected the Settlement Offer, as defined in Paragraph 21.c.iv., any remaining balance in the contingency fund shall be distributed to the American Red Cross, a non-profit organization agreed upon by the Parties.

    c.    Distribution to Named Plaintiffs.

        i.    <u>Individual Offers.</u> As consideration for the release of claims by each Named Plaintiff in Paragraph 6 above and Exhibit B and other promises herein, Heartland agrees to offer each Named Plaintiff the amount listed in Exhibit C. Exhibit C is a chart containing the amounts Plaintiffs' Counsel has calculated for each Named Plaintiff. For informational purposes, Exhibit C also contains the amounts Plaintiffs' Counsel has calculated for all Plaintiffs in all cases currently pending against Heartland challenging the applicability of the executive exemption to their position as store manager, which are identified in Paragraph 6 above. Each individual offer is a pro rata portion of the Maximum Payment based on a reasonable formula agreed upon by the Parties, and adopted by Heartland as its Settlement Offer to each Named Plaintiff. Plaintiffs' Counsel calculated the value of each offer <u>according to the following rules:</u>

Each Named Plaintiff received $100.00 per month worked within a two-year statutory period, subject to a minimum of $700.00;

Each Named Plaintiff with claims falling within a three-year statutory period but outside a two-year statutory period received $700.00;

Each Named Plaintiff who failed to appear for a confirmed deposition received $250.00, regardless of months worked within the two- or three-year statutory period;

Each Named Plaintiff who failed to respond to Heartland's written discovery requests received $500.00, regardless of months worked within the two- or three-year statutory period;

Each Named Plaintiff who was deposed received a bonus of $500.00;

The Smith Plaintiffs received a bonus of $7,500.00 for initiating the original Minnesota Action scheduled for a June 2006 trial; and

Each Named Plaintiff who worked in California received a $2,000 bonus in recognition of more favorable applicable California wage and hour laws.

      ii.    <u>Tax Allocation</u>. The Parties agree to allocate the payments to the Named Plaintiffs as 50% wages, subject to IRS form W-2, and 50% non-wage payments (for interest, penalties, and liquidated damages), subject to IRS form 1099. Defendant will be responsible for calculating the amounts of withholding. Defendant shall be responsible for the calculation and payment of the employer's share of payroll taxes.

      iii.    <u>Plaintiffs' Counsel to Convey Settlement Offers</u>. Plaintiffs' Counsel will make reasonable efforts to contact each Named Plaintiff to make Settlement Offers in the amounts identified in Exhibit C.

      iv.    <u>Rejections</u>. If Plaintiffs' Counsel conveys the Settlement Offer, but a Named Plaintiff affirmatively rejects the individual Settlement Offer prior to or on August 4, 2006, the amount will be deducted from the Maximum Payment and will be re-allocated to the contingency fund. Plaintiffs' Counsel will document and timely notify Heartland's Counsel of all rejections. The offer of a settlement amount, without an affirmative rejection, shall result in the release of claims set forth in Paragraph 18 above and a dismissal of his/her claims with prejudice, even if the Named Plaintiff fails to timely negotiate the check. An affirmative

rejection must be in writing and sent to Plaintiffs' Counsel by the date indicated above to be effective.

      v.      **Failure to Respond.** Plaintiffs' Counsel will make reasonable efforts to contact each Named Plaintiff to offer the amount referenced in Exhibit C. If despite reasonable efforts to contact the Named Plaintiffs, a Named Plaintiff fails to respond to the Settlement Offer, his/her claim will be dismissed with prejudice subject to his/her right to seek relief from such judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. The amount of the Maximum Payment allocated to each Named Plaintiff who fails to respond will be deducted from the Maximum Payment and re-allocated to the contingency fund.

      vi.      **Tolling of Statute of Limitations.** The statute of limitations will be tolled for thirty (30) days from the date of the Final Order for Named Plaintiffs who affirmatively reject the Settlement Offer. No tolling will apply to Named Plaintiffs who fail to respond to the Settlement Offer.

      vii.      **Date and Distribution of Checks.**

      (a) Heartland will prepare and furnish checks to Plaintiffs' Counsel for attorneys' fees and costs, and for each Named Plaintiff, fourteen (14) days after the Settlement Effective Date. The "Settlement Effective Date" shall mean the first day following the later of (1) the date the time to appeal or seek permission to appeal or seek other judicial review of the entry of the Final Order approving the Stipulation of Settlement has expired with no appeal or other judicial review having been taken or sought; or (2) if an appeal or other judicial review has been taken or sought, the date the Final Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent

appeal or other judicial review. Negotiation of the check by a Named Plaintiff constitutes further recognition of his/her signed release. However, failure to timely negotiate the check shall not void releases already signed by the Named Plaintiffs and approved by the Court.

    (b)  A Named Plaintiff must sign and return to Plaintiffs' Counsel the Settlement Approval and Release of Claims Form before Plaintiffs' Counsel will disburse the settlement check. Plaintiffs' Counsel will distribute the settlement payments after the Settlement Effective Date.

    viii.  Plaintiffs' Counsel will file proof of payment with the Court.

## RIGHT OF REVOCATION

22.  If three percent (3%) or more of the <u>Smith</u> Plaintiffs and the Re-filed Actions Plaintiffs combined (collectively, "Plaintiffs") withdraw from their respective court action prior to or on August 4, 2006 or reject the Settlement Offer pursuant to this Stipulation of Settlement, Heartland has the right to revoke this Stipulation of Settlement.

## DATA REASONABLY ACCURATE

23.  This Stipulation of Settlement is based on weeks worked and salary data supplied by Heartland. Heartland represents that, to the best of its knowledge and belief, the data supplied is reasonably accurate.

## FAIR, ADEQUATE AND REASONABLE SETTLEMENT

24.  The Parties agree that the Stipulation of Settlement is fair, adequate and reasonable and will so represent to the Court.

## WAIVER OF APPEALS

25.  The Parties agree to waive all appeals with the sole exception that a Named Plaintiff can appeal a reduction, if any, in the amount of the attorneys' fees that the Court

awards. A denial of the requested fee amount shall not void this Stipulation of Settlement.

## VOIDING THE AGREEMENT

26. If this Stipulation of Settlement is not approved, the Stipulation of Settlement shall be deemed null and void, of no force and effect, of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever. If there is any reduction in the attorneys' fee award, such reduction may be appealed as set forth above but is not a basis for rending the entire Stipulation void and unenforceable.

## PARTIES' AUTHORITY

27. The signatories to this Stipulation of Settlement represent that they are fully authorized to bind the respective parties to the terms and conditions of this Stipulation of Settlement.

## MUTUAL FULL COOPERATION

28. The Parties agree to use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

29. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Stipulation of Settlement.

## ENFORCEMENT ACTIONS

30. In the event any Named Plaintiff or Heartland institutes any legal action or other proceeding to enforce the provisions of this Stipulation of Settlement or to declare rights and/or

obligations under this Stipulation of Settlement, the prevailing party shall be entitled to recover from the unsuccessful party reasonable attorneys' fees and costs, including expert witness fees.

## COMMUNICATIONS

31. Unless otherwise specifically provided, all notices, demands or other communications given under this Stipulation of Settlement shall be in writing and shall be deemed received on the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

    a.    To the Named Plaintiffs:

        Paul J. Lukas, Esq.
        Nichols Kaster & Anderson PLLP
        4600 IDS Center
        80 South 8th Street
        Minneapolis, MN 55402-2100

    b.    To Heartland:

        Kimberly A. Jones, Esq.
        Blackwell Sanders Peper Martin LLP
        4801 Main – Suite 1000
        Kansas City, MO 64112

## CONSTRUCTION

32. The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

33. Paragraph titles or captions contained in this Stipulation of Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the

scope of this Stipulation of Settlement or any of its provisions.

## MODIFICATION

34. This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms of by a writing signed by the Parties and approved by the Court.

## INTEGRATION CLAUSE

35. This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement of the Court Action, and between Plaintiffs' Counsel and Heartland's Counsel relating to the global settlement of all actions identified in Paragraph 6, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Stipulation of Settlement. No rights under this Stipulation of Settlement may be waived except in writing.

## BINDING ON ASSIGNS

36. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## PLAINTIFFS' COUNSEL SIGNATORIES

37. The Parties agree that, because of the global nature of the settlement affecting fourteen (14) different pending lawsuits, and the numerous Plaintiffs as well as Named Plaintiffs, it is impractical to have each Named Plaintiff execute this Stipulation of Settlement. The Settlement and Release of Claims Form (Exhibit B), which Plaintiffs' Counsel will mail to each Named Plaintiff, will advise all Named Plaintiffs of the binding nature of the release and that the only way to avoid the release is to timely reject the Settlement Offer, and the release shall have

the same force and effect as if this Stipulation of Settlement were executed by each Named Plaintiff.

## COUNTERPARTS

38. This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement.

## APPLICABLE LAW

39. This Stipulation of Settlement shall be governed by and construed in accordance with federal law.

## RETENTION OF JURISDICTION

40. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation of Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Stipulation of Settlement.

## CONFIDENTIALITY

41. The Parties and their counsel agree that they will not issue any press releases or have any communication with the press or anyone else regarding the settlement before the date on which the Parties file this Stipulation of Settlement. If a Named Plaintiff or Plaintiffs' Counsel discloses to any non-party that (i) a settlement has been reached; or (ii) any of the terms of the settlement, before the filing of this Stipulation of Settlement, Heartland may withdraw from the settlement, rendering any agreement made in connection with the settlement void and unenforceable. This provision does not apply to communications with a spouse, tax advisor,

attorney or other professional who has a need to know for financial reasons personal to the Parties.

42. After the filing of this Stipulation of Settlement, the Parties and their counsel agree that neither the Parties nor their counsel will issue any press releases or have any communications with the media or any individual other than a Named Plaintiff or individual identified in Paragraph 6 above, about the existence and terms of this Stipulation of Settlement (including all Exhibits), other than a statement made in response to an inquiry from the press or other individual that "the matter has been resolved and it is confidential."

NICHOLS KASTER & ANDERSON

Date: 9-6-06

By: _____
Paul J. Lukas
Steve Andrew Smith
Attorneys for Named Plaintiffs

BLACKWELL SANDERS PEPER MARTIN

Date: 8-16-06

By: _____
Kimberly A. Jones
Attorneys for Defendant
Heartland Automotive Services, Inc.
d/b/a Jiffy Lube